IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA BLUESTEIN, M.D.,

                                                              OPINION AND ORDER

                           Plaintiff,

                                                      12-cv-322-bbc

           v.

CENTRAL WISCONSIN ANESTHESIOLOGY, S.C.,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil suit in which plaintiff Linda Bluestein contends that defendant Central Wisconsin Anesthesiology, S.C. discriminated against her on the basis of disability and gender when it terminated her in September 2010.  Now before the court are three motions: (1) defendant's motion to dismiss for discovery violations or, in the alternative, to amend the scheduling order, dkt. #34; (2) plaintiff's motion to stay summary judgment, dkt. #55; and (3) plaintiff's emergency motion to strike or amend the scheduling order, dkt. #60.

In support of its motion to dismiss, defendant argues that plaintiff's repeated discovery violations warrant the sanction of dismissal of plaintiff's action under Fed. R. Civ. P. 37.  Although I agree with defendant that sanctions are necessary, I conclude that plaintiff's violations can be remedied with less severe sanctions than dismissal.

1

With respect to the two motions to amend the scheduling order (dkts. ##34, 55, 60), I will strike the trial date and remaining deadlines, but I will give plaintiff an opportunity to file a response to defendant's motion for summary judgment.  If plaintiff prevails on any aspect of the motion, a conference will be held to set a new trial date and associated deadlines.

## BACKGROUND

A summary of the plaintiff's pretrial delays is necessary to provide the background for the parties' pending motions.  On November 19, 2012, defendant served a set of interrogatories and requests for documents on plaintiff.  Dkt. #36, exh. #1.  On December 19, 2012, the date on which responses to the interrogatories and requests were due, the parties agreed to extend the deadline by 30 days.  Robinson Aff., dkt. #36, at 1.  On January 4, 2013, plaintiff's attorney withdrew from the case.  Dkt. #14.  Plaintiff's new attorney filed an appearance on January 9, 2013.  Dkt. #16.  Plaintiff did not provide any discovery responses by the revised deadline of January 18, 2013.  Robinson Aff., dkt. #19, at 2.  On January 21, 2013, defendant moved to compel discovery.  Dkt. #17.  On the same day, plaintiff filed an emergency motion for extension of time for filing dispositive motions.  Dkt. #18.  On January 30, 2013, Magistrate Judge Stephen L. Crocker issued a new scheduling order, setting February 22, 2013 as plaintiff's new discovery deadline, dkt. #24, and moved

2

the deadline for dispositive motions from March 1, 2013 to June 10, 2013 and the trial date from July 29, 2013 to November 12, 2013.  Dkt. #24.

Plaintiff did not provide discovery responses by February 22, 2013, as directed, but she did provide unsigned interrogatory responses on March 1, 2013 and documents in response to defendant's request for documents on March 5, 2013.  Later, plaintiff sent along her signature pages for these responses.  Dkt. #36, exhs. ##4-7.  (The signature pages are dated March 7, 2013, but defendant says they did not arrive until March 27, 2013.  Dkt. #36, exhs. ##4-7, 10.)  On March 14, 2013, plaintiff supplemented her document request responses.  Dkt. #36, exh. #8.  Defendant still believed plaintiff's responses were deficient, so, on April 1, 2013, it sent a 13-page letter to plaintiff's attorney detailing the deficiencies and requesting amendments to plaintiff's responses.  Dkt. #36, exh. #11.  In particular, defendant said that plaintiff's objections were vague and that her responses were incomplete because she often referred defendant to other documents or answers or provided inexact or perfunctory responses.  Id.  In addition, defendant pointed out that plaintiff had provided no summaries of the expected testimony of her treating physicians, as required by Fed. R. Civ. P. 26.  Id.

On April 10, 2013, after failing to receive a response to its April 1, 2013 letter from plaintiff, defendant moved again to compel discovery.  Dkt. #27.  Plaintiff sent amended interrogatory responses and amended responses to the request for documents on April 20,

2013 and April 21, 2013.  Dkt. #36, exhs. ##17-18.

On April 22, 2013, Magistrate Judge Crocker held a telephonic hearing with the parties to discuss defendant's second motion to compel.  Dkt. #32.  During the hearing, the magistrate judge instructed plaintiff to comply fully with all discovery demands from defendant, with the exception of certain interrogatories and document requests to which plaintiff had raised proper objections.  Dkt. #33, at 5-8.  In particular, he required plaintiff to submit release authorizations for medical and employment records.  In regard to these items, the magistrate judge told plaintiff,

> Those are the kinds of things that can be done immediately.  Those don't have to wait until the end of this week or the beginning of next week . . . .  [T]hat's certainly not something where the Court would accept a release being provided by May 8 as opposed to a release being provided in time for the information to be available by May 8.

Dkt. #33, at 26-27.

The magistrate judge's text order set a deadline of May 8, 2013 for plaintiff's "complete responses to the discovery requests."  Dkt. #32.  Moreover, the magistrate judge warned plaintiff several times during the hearing that if she did not comply with the new order she could face dismissal of her suit.  Dkt. #33, at 4-5, 19-20, 29.

Plaintiff submitted her first set of authorizations on May 2, 2013 and continued to send additional authorizations until May 8, 2013.  Dkt. #36, exhs. ##23-28.  Plaintiff sent

second amended interrogatories and responses to defendant's requests for documents on May 8, 2013.  Dkt. #36, exhs. ##29-30.

Upon receiving plaintiff's responses, defendant wrote plaintiff the following day and said that plaintiff's responses were insufficient.  Dkt. #36, exh. #31.  Defendant stated that it had not received complete employment records from plaintiff because the documents cited by plaintiff did not include the application and credentials she had submitted for her current employment.  Dkt. #36, exh. #31.  Defendant also said that plaintiff's submission was not responsive to its request that plaintiff produce "[a]ll documents that support your claim that the Rehabilitation Act of 1973 applies to the parties to this case" (hereinafter Request 21).  Dkt. #36, exh. #29.  At first, plaintiff had objected to this request as "overbroad, not reasonably calculated to lead to the discovery of admissible evidence," dkt. #36, exh. #7, but at this point she referred defendant to the documents provided in response to the first and second document requests, which included all of plaintiff's related medical records and physician information.  Dkt. #36, exh. #30.  Plaintiff wrote defendants on May 10, 2013, explaining why she believed her responses were sufficient and complete.

On June 11, 2013, defendant moved to dismiss plaintiff's claims for discovery violations or, in the alternative, to amend the rescheduling order to allow defendant additional time to disclose experts and prepare for summary judgment.  Dkt. #34.  Plaintiff attempted to stipulate to changing the schedule, but after the court rejected that response,

5

dkts. #49-50, plaintiff requested an extension in which to file her response, which the court granted.  Dkts. ##51-53.

Defendant filed a timely motion for summary judgment on June 24, 2013.  Dkt. #42. On the day her response was due, plaintiff moved to stay briefing on summary judgment to allow her time to depose seven witnesses.  Dkt. #55.

On August 26, 2013, plaintiff filed an emergency motion requesting changes in the pretrial deadlines and trial date because David Minko, a lawyer in the firm that represents plaintiff, had died on August 15, 2013.  Dkt. #60.  Defendant did not oppose this motion. Dkt. #60.

## ANALYSIS

### A.  Motion to Dismiss as Discovery Sanction

Defendant argues that dismissal of plaintiff's complaint is warranted under Rule 37 of the Federal Rules of Civil Procedure because plaintiff has missed numerous discovery deadlines, including court-ordered deadlines, and produced incomplete and evasive answers and documents.  Dft.'s Br., dkt. #35, at 16.  Rule 37 provides that district courts may issue sanctions when parties fail to comply with court orders requiring disclosures or otherwise fail to cooperate with discovery proceedings.  Fed. R. Civ. P. 37(b)(2)(A).

District courts have broad discretion to issue appropriate sanctions, which may include

fines, dismissing the claim entirely, entering a default judgment against a noncompliant party

or prohibiting the use of evidence or witness testimony for all or part of the pending action.

Id.; Tamari v. Bache & Co., 729 F.2d 469, 472 (7th Cir. 1984). Indeed, any noncompliance

by a party with a court-ordered discovery deadline is a ground for some form of sanctions.

Tamari, 729 F.2d at 473 ("[C]ulpability of a party who fails to comply with a court order

determines only which sanctions the court should impose and not whether any sanctions are

appropriate at all."); see also e360 Insight, Inc. v. Spamhaus Project, 658 F.3d 637, 642 (7th

Cir. 2011). However, dismissals are "strong medicine," and "before a court imposes such a

sanction it must find by clear and convincing evidence that the party against whom the

sanction is imposed displayed willfulness, bad faith or fault." Wellness Internationl Network,

Ltd. v. Sharif, 2013 WL 4441926 (7th Cir. Aug. 21, 2013); see also Aura Lamp & Lighting,

Inc. v. International Trading Corp., 325 F.3d 903, 909 (7th Cir. 2003).

 Defendant argues that plaintiff's "'clear record of delay,' . . . pattern of discovery

abuses and repeated disregard of court orders justifies the sanction of dismissal in this case."

Dft.'s Br., dkt. #35, at 17 (quoting Brown v. Columbia Sussex Corp., 664 F.3d at 182, 191

(7th Cir. 2011)). Defendant points out that plaintiff missed multiple deadlines and still has

not produced necessary discovery. Dkt. #35, at 16-19. Defendant says that her non-

compliance has been prejudicial to it and continues to be deficient because she (1) did not

provide complete employment records; (2) was not responsive to defendant's request for

documents pertaining to her Rehabilitation Act claim (Request 21); (3) provided her medical records authorizations in an untimely manner; and (4) did not provide summaries of expected testimony by her treating physicians.  Dft.'s Br., dkt. #35, at 17, 19.

Defendant cites an unreported Seventh Circuit case, Watkins v. Nielsen, 405 Fed. Appx. 42 (7th Cir. 2010), and this court's April 2013 order dismissing Casey v. CUNA Mutual Group, Case No. 3:12-cv-00261-slc (W.D. Wis. 2013), as comparable to this one. In Watkins, the plaintiff ignored one discovery deadline after receiving a five-month extension to accommodate his schizophrenia.  After 19 months of discovery, he provided seriously incomplete and ambiguous answers to interrogatories and never produced documents.  The court found that the extreme delay had caused harm to the defendant and that any lesser sanctions would have proven "fruitless in this situation."  Watkins, 405 Fed. Appx.  at 45-46.  In Casey, the plaintiff had been not only tardy in its responses but also evasive, stating at some points that he had certain documents to produce and at other points that he had either lost them or had never had them.  Case No. 3:12-cv-00261-slc, dkt. #61, at 6-7.  Ultimately, the plaintiff in Casey did not produce many of the documents the court had twice ordered him to produce and never responded to the defendant's motion to dismiss, instead filing a motion for extension of time for an unspecified illness.  Id. at 6-8, 10-12.

In this case, plaintiff has ignored at least one court-imposed deadline, missed other discovery deadlines, submitted incomplete responses and asked for extensions.  This pattern

of behavior is unfair to defendant and to other litigants whose cases are delayed when the court must spend time addressing plaintiff's litigation delays.  Still, unlike the plaintiffs in Watkins and Casey, she has made an effort to provide all requested documents and interrogatory answers and has complied, at last, with almost all discovery requests from defendant.

Further, defendant ignores a crucial step in the court's analysis of Rule 37 dismissals: the court should consider whether lesser sanctions are available and effective in correcting the noncomplying party and curing prejudice to the other party.  Rice v. City of Chicago, 333 F.3d 780 (7th Cir. 2003) ("While it is true that there is no requirement for district courts to impose graduated sanctions, it is well settled in this circuit that the ultimate sanction of dismissal should be involved 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" (internal citations omitted) (quoting Grun v. Pneumo Abex Corp., 163 F.3d 411, 425 (7th Cir. 1998)); see also Ball v. City of Chicago, 2 F.3d 752, 758 (7th Cir. 1993) ("[C]ountless cases say that the district judge should consider the efficacy of a less severe sanction before dismissing a suit for failure to prosecute. . . .  'A court is not necessarily required to take less severe action before imposing the sanction of dismissal, but dismissal should be employed only if the district court has determined that it could not fashion an equally effective but less drastic remedy.'" (internal citations omitted) (quoting Velazquez-Rivera v. Sea-Land Service,

9

Inc., 920 F.2d 1072, 1076 (1st Cir. 1990)).  Indeed, in <u>Watkins</u>, the district court "weighed lesser sanctions, such as fining Watkins or barring him from introducing any undisclosed medical evidence, [but] the court concluded that neither alternative was sound because Watkins could not afford a fine and excluding the medical evidence would have the same practical effect as dismissal."  <u>Watkins</u>, 405 Fed. Appx. at 44.

The court of appeals has stated that the appropriate level of sanction is one commensurate with the party's violation.  <u>Collins v. Illinois</u>, 554 F.3d 693, 697 (7th Cir. 2008) ("[T]he sanction imposed must be proportionate to the circumstances."); <u>see also</u> <u>Long v. Steepro</u>, 213 F.3d 983, 986 (7th Cir. 2000).  Courts consider "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants and the possible merits of the plaintiff's suit."  <u>Rice</u>, 333 F.3d at 784 (alteration in original) (quoting <u>Williams v. Chicago Board of Education</u>, 155 F.3d 853, 857 (7th Cir. 1998)).  In <u>Rice</u>, the court of appeals reversed the district court's dismissal because it believed a fine would be a more appropriate sanction than dismissal when the attorneys were at fault and not the parties.  <u>Id.</u> at 786.  Moreover, some lesser sanctions are automatic.  For instance, a party who fails to provide opposing counsel sufficient information about an expert witness may not be able to call that expert witness at trial.  Fed. R. Civ. P. 37(c)(1); <u>Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998) ("[E]xclusion is automatic and mandatory unless the

10

sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.").

In this case, plaintiff has ignored completely at least two deadlines for producing discovery, defied one court order and given a delayed and incomplete response to the magistrate judge's April 22 order.  On the other hand, as of May 8, 2013, she has submitted almost all required responses to defendant's requests for documents and interrogatories and thus has now complied mostly with defendant's discovery requests.  More important, sanctions less severe than dismissal are available to cure any remaining prejudice to defendant.  Rice, 333 F.3d at 785-86.  To the extent plaintiff has not complied with discovery requests or was late in doing so, defendant can be given additional time to prepare for trial. It remains the case that plaintiff cannot use any unproduced documents to prove or defend her case at summary judgment or trial.  Accordingly, I am denying defendant's motion to dismiss and will issue a sanction for each of plaintiff's discovery abuses.

1.  Request for production of documents #21

In Request 21 of its 26 requests for production of documents, defendant asked plaintiff to produce "[a]ll documents that support [her] claim that the Rehabilitation Act of 1973 applies to the parties to this case."  Dkt. #36, exh. #7.  Although plaintiff objected to this request as overly broad, she later referred defendant to the documents she had produced in response to requests 1 and 2 (asking for medical records, treating physician information

11

and prescription medication information).  Dkt. #36, exhs. ##5, 7, 30.  Defendant argues that this response is inadequate but does not identify any additional documents plaintiff should have produced.  Dft.'s Br., dkt. #35, at 17.

Plaintiff has directed defendant to documents that she believes are responsive to its request.  She need not produce additional copies of these documents.  Dkt. #36, exh. #30.  However, plaintiff is now bound by her response.  She may not rely on any documents other than those she has already turned over to defendant to prove her Rehabilitation Act of 1973 claim either at summary judgment or at trial.

2.  Incomplete employment files

Defendant says that plaintiff has never provided complete employment records because she has not produced "any credentialing and applications for her current employers, Monroe Clinic and Bellin Health."  Dft.'s Br., dkt. #35, at 17.  Defendant does not explain why it needs these documents, but during the April 22 hearing the magistrate judge made it clear that plaintiff must produce them.  Dkt. #33, at 14-16.  In her May 10 letter to defendant, plaintiff stated that she had produced the documents, but she did not maintain this position in her opposition brief.  Dkt. #36, exh. 32; Plt.'s Br., dkt. #53.  As a result, I must assume that plaintiff possesses responsive documents that she has not yet produced.  She may not rely on these documents in her response to defendant's motion for summary

12

judgment.  In addition, if this case survives summary judgment, I will order plaintiff to produce all Monroe Clinic and Bellin Health credentialing and job application documents as a condition to proceeding with her suit.

3.  Medical and employment record authorizations

Defendant argues that plaintiff should have provided all of her medical and employment record authorizations by April 26, 2013 (the end of the week of the telephonic hearing with Magistrate Judge Crocker).  Dft.'s Br., dkt. #35, at 16.  During the hearing, the magistrate judge stated that plaintiff should be able to provide such authorizations by April 26, 2013 and that plaintiff must get the authorizations to defendant early enough to allow defendant to retrieve records by May 8, 2013.  Dkt. #33, at 27.  Plaintiff waited to send the authorizations to defendant until between May 2 and May 8, which was not consistent with the magistrate judge's order.  Plaintiff could have sent the authorizations to defendant in a more timely manner.

Defendant argues that plaintiff's delays have caused it "material prejudice" because it did not have sufficient time to review plaintiff's records, subject plaintiff to a medical exam and procure expert witnesses ahead of the expert witness disclosure and summary judgment due dates in June 2013.  Dft.'s Br., dkt. #35, at 18.  Because defendant moved for summary judgment, it can no longer argue that plaintiff's delay prevented it from filing a motion for

13

summary judgment.  However, the deadline for expert disclosures has passed.  Thus, if this case survives summary judgment, the court will conduct a new scheduling conference to give defendant an opportunity to conduct further discovery and disclose expert witnesses and will consider an award of attorney fees for time expended by defendant that would not have been necessary had plaintiff complied with the schedule set by the magistrate judge.

4.  <u>Failure to provide summaries of physicians' testimony and to disclose expert witnesses</u>

Defendant argues that plaintiff's failure to "provide medical expert disclosures, as required by Rule 26(a)(2), warrants the dismissal of this lawsuit."  Dft.'s Br., dkt. #35, at 19. Defendant also argues that plaintiff's failure to provide summaries of the expected testimony of her treating physicians is grounds for exclusion of their testimony and dismissal of her case. Dft.'s Br., dkt #35, at 19-20.  Plaintiff responded in her brief that she "has disclosed all required expert witnesses whom she intends to call at trial in accordance with Rule 26(a)(2)." Plt.'s Br., dkt. #53, at 2.

Plaintiff's decision not to name expert medical witnesses is not grounds for dismissal; it simply means she will have to prove her case without expert testimony.  Fed. R. Civ. P. 37(c)(1).  However, although plaintiff was not required to provide written expert reports for her treating physicians under Rule 26(a)(2)(B), she was required to provide summaries of their expected testimony, to the extent that they would have testified as expert witnesses.

14

Fed. R. Civ. P. 26 advisory committee's note ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony . . . . Frequent examples include physicians or other health care professionals . . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)."); see also Coleman v. American Family Mutual Insurance Co., 274 F.R.D. 641, 644 (N.D. Ind. 2011); Crabbs v. Wal-Mart Stores, Inc., 2011 WL 499141 (S.D. Iowa Feb. 4, 2011).  Because plaintiff failed to provide either form of expert disclosure, her treating physicians may not testify as experts or provide affidavits that rely on their expertise.

Defendant makes a related argument, stating that the lawsuit should be dismissed because without expert testimony, plaintiff cannot prove her case.  However, that argument is appropriate for a motion for summary judgment, not for a motion to dismiss for discovery violations.  Compare Vukadinovich v. Board of School Trustees of North Newton School Corp., 278 F.3d 693, 699 (7th Cir. 2002) ("The primary purpose of summary judgment is to dispose of claims that have no factual support . . . .") with National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) ("[Dismissal] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").  Defendant has raised this argument in its summary

15

judgment motion, and I will consider it there.

## B.  Alternative Motion for Extension of Time

In the alternative, defendant asks for "additional time to name experts and file dispositive motions, and for modifying other scheduling order deadlines, as needed." Dft.'s Br., dkt. #35, at 30.  Because defendant has already moved for summary judgment, part of this request is moot.  As for the rest, I am striking the remaining pretrial deadlines and the trial date.

## C.  Plaintiff's Motion to Stay Proceedings

Plaintiff's only response to defendant's motion for summary judgment has been a motion to stay briefing on defendant's motion, which she filed on the deadline for plaintiff's response.  Plt.'s Rule 56(d) Mot., dkt. #55, at 1.  Plaintiff's excuse for requesting a stay is that defendant did not respond to plaintiff's June 8, 2013 email request to schedule seven depositions, 16 days before the summary judgment deadline.  Id.  This excuse is unavailing. Plaintiff had other avenues of recourse aside from this last minute motion to stay the proceedings.  She could have followed up with the defendant, sent notices of depositions, filed a motion to compel or sought assistance from the court if defendant did not respond to any of these actions.  What she may not do is simply sit still and await the opposing party's

16

next move.

Furthermore, plaintiff's only support for her request is a conclusory statement that the depositions are "necessary to establish that the Defendant's stated reasons for [plaintiff's] termination are pretext for disability and sex discrimination." Id.  This bald statement is insufficient to show that the depositions are necessary at this stage.  She has not met the standard for obtaining relief under Rule 56(d), which, at a minimum, requires an explantion of how these witnesses could help her case at summary judgment.  American Needle, Inc. v. National Football League, 538 F.3d 736, 740-41 (7th Cir. 2008).  For this reason and because plaintiff did not avail herself of other meaningful opportunities to pursue the depositions, her motion to stay is denied.

Finally, although plaintiff has had ten weeks to respond to defendant's motion for summary judgment, I will give her until September 18, 2013, in which to file a brief in response to defendant's motion for summary judgment.  Defendant may have until September 30, 2013, in which to file a reply brief.

D.  Plaintiff's Emergency Motion to Strike Pretrial and Trial Scheduling Dates

On August 26, 2013, plaintiff moved to strike the remaining deadlines and trial date because a partner in plaintiff's attorneys' firm died on August 15, 2013.  Dkt. #60.  It is understandable that counsel will need some time to attend to additional obligations as a

17

result of the death, which is part of the reason that I am striking the remaining schedule and granting plaintiff an extension of time to respond to defendant's summary judgment motion. The magistrate judge will hold a scheduling conference after the motion for summary judgment is resolved, if the case survives the motion.   At that time, the court will consider the needs of both parties as well as the cost and prejudice defendant has incurred as a result of plaintiff's earlier delays.

ORDER

IT IS ORDERED that

1.  Defendant Central Wisconsin Anesthesiology, S.C.'s motion to dismiss, dkt. #34, is DENIED.  The following alternative sanctions are imposed:

At summary judgment or trial,

(a) Plaintiff Linda Blustein may not rely on any documents, other than those she provided in her response, to prove or defend her Rehabilitation Act of 1973 claim;

(b) Plaintiff may not rely on any credentialing or application documents for Monroe Clinic and Bellin Health; and

(c) Plaintiff may not use expert testimony from any undisclosed experts or treating doctors who have not filed reports and the treating doctors may not submit affidavits that rely on their expertise.

18

2.   Defendant's alternative motion to amend the scheduling order, dkt. #34, is GRANTED;

3.   Plaintiff's motion to stay summary judgment proceedings, dkt. #55, IS DENIED; and

4.   Plaintiff's emergency motion to strike or amend the scheduling order, dkt. #60, is GRANTED.   Plaintiff may have until September 18, 2013 in which to file a brief in opposition to defendant's summary judgment motion.  Defendant may have until September 30, 2013 in which to file a reply brief.   All other scheduling dates are STRICKEN.   If necessary, the court will set a new schedule after resolving defendant's summary judgment motion.

Entered this 4th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

19