IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA BLUESTEIN, M.D.,

                                                  OPINION AND ORDER

            Plaintiff,

                                                  12-cv-322-bbc

    v.

CENTRAL WISCONSIN
ANESTHESIOLOGY, S.C.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This closed case is before the court on a post-judgment motion for an award of attorney fees filed by defendant Central Wisconsin Anesthesiology, S.C. Dkt. #84. The case was brought by plaintiff Linda Bluestein, who alleged that defendant had discriminated against her under the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. Plaintiff contended that she was an employee covered by the terms of the Acts and had been discriminated against by defendant under the first two Acts in various ways: defendant had terminated her because of her disability; it denied her reasonable accommodation for her disability; and it retaliated against her after she made requests for reasonable accommodation. Dkt. #1 at 3. In addition, she raised a claim of sex discrimination under Title VII but never adduced any evidence to support it.

       On June 11, 2013, more than a year after the case was filed, defendant moved to

1

dismiss the case as a sanction for plaintiff's repeated violation of court orders governing discovery. Dkt. #34. The motion to dismiss was denied, but as a sanction for plaintiff's many failures to turn over properly requested discovery, she was prohibited from relying on any documents other than those she had already turned over to defendant and she was barred from using expert testimony from any undisclosed experts or treating doctors. Order, dkt. #61, at 18.

Shortly after filing its motion to dismiss, defendant moved for summary judgment. Dkt. #41. The motion was granted on a number of grounds. First, the undisputed facts showed that plaintiff was not an employee within the meaning of the statutes under which she was suing. Rather, as an anesthesiologist and shareholder of defendant, active in the administration of the service corporation and having an equal vote on all matters pertaining to its administration, plaintiff had the legal status of an employer.

Second, plaintiff failed to show that defendant received any financial assistance from the federal government, so she could not sue it under the Rehabilitation Act of 1973. Third, she failed to show that she was disabled within the meaning of the Americans with Disabilities Act because she adduced no evidence that she had a physical or mental impairment that substantially limited her in one or more major life activities, as that Act requires. Fourth, she failed to show what reasonable accommodation defendant might have provided her, which is not surprising given her failure to prove any kind of disability. Fifth, she never explained how she could be considered a "qualified individual," which is defined in the ADA as "an individual who, with or without reasonable accommodation, can perform

the essential functions of the employment position that such individual holds or desires." (She made this evident when she wrote her colleagues on August 24, 2010, to say that she was unable to meet the physical demands of a practicing anesthesiologist at that time. She wrote this after she had received three leaves of absence and several kinds of special accommodation since the start of the year.)

Sixth, plaintiff never showed why it was illegal for defendant to deny her request for a four-month leave of absence or, in the alternative, an indefinite leave of absence, in light of the many cases in which courts have held that an extended or unlimited leave is not a request for a "reasonable accommodation." E.g., Nowak v. St. Rita High School, 142 F.23 999, 1004 (7th Cir. 1998) ("The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence."); Johnson v. Foulds, Inc., 111 F.3d 133 (7th Cir. 1997) (request for open-ended leave is equivalent of concession by employee that she cannot perform essential functions of job); see also Byrne v. Avon Products, Inc., 328 F.3d 379, 381 (7th Cir. 2003 ("'The rather common-sense idea is that if one is not able to be at work, one cannot be a qualified individual.'") (quoting Waggoner v. Olin Corp., 169 F.3d 481, 482 (7th Cir.1999)). Sixth, as noted, plaintiff did not propose facts sufficient to show that she might have been discriminated against because of her sex in violation of Title VII. (Mere allegations of being patronized or marginalized, of defendant giving male physicians more favorable treatment or allowing another physician to be out "for months on end" because of a physical disability cannot defeat a motion for summary judgment. Butts v. Aurora Health Care, Inc., 387 F.3d

921, 925 (7th Cir. 2004) (mere existence of alleged factual dispute will not defeat summary judgment motion; "nonmovant must present definite, competent evidence in rebuttal.").)

In its motion for attorney fees, defendant has asked that the fees it incurred in the defense of this case be awarded under the Americans with Disabilities Act and Title VII and that they be assessed jointly and severally against plaintiff and her counsel. Plaintiff opposes the motion, arguing that granting fees to defendants should be rare and done only in actions that are frivolous, unreasonable, without foundation or brought in bad faith and not merely because the plaintiff's suit was dismissed on summary judgment. She adds that during the course of the litigation the court never found the claim in this case to be frivolous, without merit or baseless and that it would be improper for the court to engage in after-the-fact reasoning now that the suit is over. Finally, she says, defendant never moved for sanctions under Fed. R. Civ. P. 11 so as to give notice to plaintiff that it was contending that any particular motion was frivolous or without merit.

I agree with plaintiff that awards of fees in discrimination cases should be rare, but I disagree with her when she says that this not one of those rare cases. To the contrary, plaintiff's lawsuit met the standards for an award of fees. It was frivolous, unreasonable and without foundation. Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412 (1978) (plaintiff should not be assessed his opponent's attorney's fees unless court finds that plaintiff's claim was frivolous, unreasonable or groundless, or that plaintiff continued to litigate after it clearly became so). In this case, a reasonable amount of legal research should have alerted counsel to the implausibility of success on any of

plaintiff's claims of discrimination. First, plaintiff was not an employee, but an employer. Second, even if she had been an employee in relation to defendant, she was not an "otherwise qualified individual with a disability" because she could not perform the duties of an anesthesiologist, even with accommodations, as she herself admitted. Third, she had no evidence that she was not treated differently from other similarly situated anesthesiologists. Fourth, none of the statutes under which she sued requires an employer to grant an employee an indefinite leave of absence.

Neither of plaintiff's other reasons for not awarding attorney fees stands up to examination. She is correct that the court never made a finding during the course of litigation that plaintiff's suit was defective, but neither party raised the issue until defendant moved for summary judgment. Once that was briefed and decided, the litigation was over. Now that it has been raised, it is proper to review the allegations and arguments and determine whether the suit should have been brought. This is not post hoc reasoning; the contours of the law were evident before plaintiff filed her suit. As for the lack of a Rule 11 motion, plaintiff has not cited any requirement for filing such a motion in order to seek attorney fees at the end of the case. Defendant is not arguing that any particular motion was improper, but that the entire suit was. It is proceeding under 42 U.S.C. § 2000e-5, not under Fed. R. Civ. P. 11.

In summary, when plaintiff filed this suit, she knew or should have known that (1) she was not an employee of defendant and therefore, not protected by the laws under which she was filing; and (2) she had not only conceded her inability to perform the essential

5

functions of her job for an unknown period but had told her employer specifically that she could not. Faced with these facts, it was unreasonable for her to think that she could prevail on what were clearly frivolous claims of discrimination. Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 119 (7th Cir. 1994) (court may impose sanctions "where a 'claim [is] without a plausible legal or factual basis and lacking in justification.'")

Defendant has asked for attorney fees of $7978.00 for legal services provided by Douglas Witte of Melli Law before Cannon & Dunphy, S.C., took over the representation. It is asking for an additional $84,175.00 for legal services provided by Cannon & Dunphy, for a total of $92,153.00. Plaintiff may have until January 22, 2014, in which to file any objections to the amount of the fees sought; defendant may have until January 31, 2014, in which to reply.

ORDER

IT IS ORDERED that plaintiff Linda Bluestein, M.D., and her counsel Heins & Minko LLC are jointly and severally liable to defendant Central Wisconsin Anesthesiology, S.C. for initiating and pursuing a lawsuit against defendant that was frivolous, unreasonable and without foundation. Plaintiff may have until January 22, 2014, in which to file any

objections to the amount of the fees sought; defendant may have until January 31, 2014, in which to reply.

Entered this 8th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge