IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA BLUESTEIN, M.D.,

                      Plaintiff,

    v.

CENTRAL WISCONSIN
ANESTHESIOLOGY, S.C.,

                      Defendant.

OPINION AND ORDER

12-cv-322-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This case is before the court for a determination of the amount of attorney fees to be awarded to defendant Central Wisconsin Anesthesiology, S.C., for its defense of plaintiff Linda Bluestein's lawsuit. In an earlier order, entered on January 8, 2014, I found that the case was frivolous and gave plaintiff an opportunity to object to the amount of fees sought by defendant.

       Plaintiff filed her objection, but limited it to two pages, in which her counsel said little more than that she did not agree that the case was frivolous and that the court had never held it to be frivolous either when the matter was before it on defendant's motion to dismiss and again on defendant's motion for summary judgment. She did add that she was "bewildered as to how the defense could spend nearly twice" the amount she had spent in representing plaintiff, when her own hourly billing rate was $175 to $225 higher than that sought by defendant.

1

The question of frivolousness was decided in the January 8 order and is not open to re-argument. I will add, however, that there is nothing to plaintiff's counsel's statement that if the case was so clearly meritless, the court could have made such a finding on defendant's motion to dismiss. That motion concerned plaintiff's failure to cooperate with discovery, not the merits of the case. It was too early to decide the merits of the case because the facts had not been developed (and plaintiff was dragging out the development of the facts). The motion was denied in the belief that lesser sanctions would be adequate to remedy plaintiff's many violations of the discovery rules. Sept. 4, 2013 Order, dkt. #61. At summary judgment, however, I found that plaintiff had no legal foundation for her claims. Jan. 8, 2014 Order, Dkt. #94.

The only remaining question is the reasonableness of the fees sought, but plaintiff has conceded that question by failing to identify any portions of the fee request that she believes are excessive or unsupported. When defendant was represented by the Melli Law Firm, Douglas Witte billed $7,995.00 at $270 an hour for 18.90 hours of services consisting of work including researching plaintiff's standing to sue as an employee and drafting materials on that subject. The hourly charge is reasonable, but I am cutting the request to $1534.00, which is the time expended for the work on standing. It appears that the other work was done in connection with the EEOC charge, rather than with this lawsuit.

When the representation of defendant changed to Cannon & Dunphy, S.C., Edward Robinson did most of the work, assisted by another partner, Sarah Kaas. Both had more than 15 years of experience when they began work on this case. Robinson billed $45,950.00

for his time; Kaas billed $38,225.00; both at rates of $250 an hour. The total amount of $92,153.00 does not include any payment to paralegals or legal assistants or any costs incurred in connection with their representation.

A significant portion of the time spent by defendant's counsel is attributable to plaintiff's failure to comply with discovery requests. A random look at just two pages of Robinson's billing records shows 20 hours devoted to that problem, dkt. #85-3 at pp. 5-6, and shows why defendant needed to spend more time than plaintiff trying the case. Plaintiff simply failed to respond to discovery requests, leaving it up to defendant to draft letters and motions in an effort to obtain the discovery that plaintiff refused to disclose.

In summary, I conclude that, with the exception of the fees for work done by Witte in connection with the EEOC proceedings, defendant is entitled to the fees it is seeking. The request is reasonable and appropriate.

ORDER

IT IS ORDERED that the motion of defendant Central Wisconsin Anesthesiology, S.C. for an award of attorney fees, dkt. #84, is GRANTED. Defendant is awarded $85,709.00 in fees. The obligation of plaintiff and her counsel to pay the fee award is joint and several.

Entered this 3d day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge